KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
MICHAEL J. KUMP (SBN 100983)
  mkump@kwikalaw.com
GREGORY P. KORN (SBN 205306)
  gkorn@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for KIMSAPRINCESS, INC.
AND KIM KARDASHIAN WEST

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KIMSAPRINCESS, INC.; and KIM KARDASHIAN WEST, an individual,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>MISSGUIDED USA (FINANCE) INC., a Delaware corporation; and MISSGUIDED LIMITED, a United Kingdom corporation of unknown form,<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>(1) **VIOLATION OF STATUTORY RIGHT OF PUBLICITY (Cal. Civ. Code § 3344);**<br>(2) **VIOLATION OF COMMON LAW RIGHT OF PUBLICITY;**<br>(3) **FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a));**<br>(4) **TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1));**<br>(5) **COMMON LAW TRADEMARK INFRINGEMENT**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiffs Kimsaprincess, Inc. and Kim Kardashian West (individually and collectively, "Plaintiffs" or "Kardashian") alleges as follows:

## INTRODUCTION

1. Kim Kardashian West is a television celebrity, model, and spokesperson. Kardashian has been immensely successful in developing and promoting her own fashion, beauty, and other products that have sold under the famous "Kardashian" name and related trademarks. In addition, she has been highly sought after for many years, and continuing to this day, as a paid spokesperson for third-party products. With Kardashian enjoying one of the largest social media followings of *any* celebrity in the world, companies pay enormous sums of money to engage Kardashian to help promote their brands. Even a single social media post by Kardashian can fetch fees of several hundred thousand dollars, and her longer-term endorsement arrangements regularly garner fees in the millions of dollars.

2. While most companies understand and respect Kardashian's right to control and approve any use of her name and likeness in the promotion of products, other companies have sought out ways to leverage her celebrity status and social media following without seeking her consent, thus effectively turning her into an unwitting and unwilling spokesperson of their products. In the instant case, Defendants Missguided USA (Finance) Inc. and Missguided Limited (collectively, "Defendants" or "Missguided") have made this sort of unlawful misappropriation of Kardashian's persona—and that of many other celebrities as well—a cornerstone of their marketing and sales strategy.

3. Like other "fast fashion" companies, Missguided, which sells clothing throughout the world on its www.missguidedus.com website (among others), has become notorious for "knocking off" the clothing worn by celebrities like Kardashian. But Missguided does not merely replicate the looks of these celebrities as seen on red carpets, in paparazzi photos, and in social media posts. Missguided systematically uses the names and images of Kardashian and other celebrities to

advertise and spark interest in its website and clothing. Missguided's website and social media pages are riddled with images of and references to Kardashian that are designed to promote the www.missguidedus.com website and to elicit sales of clothing that are purportedly "inspired by" Kardashian. Missguided's use of Kardashian's name and likeness is so pervasive that consumers have begun to erroneously and mistakenly conclude that she is affiliated with Missguided and is working with the company to knock off the clothing that fashion designers have created for her.

4. Missguided's unauthorized use of Kardashian's trademarked name and likeness to promote its website and products is a blatant and willful violation of her statutory and common law rights of publicity, and it further constitutes trademark infringement in violation of the Lanham Act and California common law. By this action, Kardashian seeks a permanent injunction restraining Missguided's unlawful misappropriation of her persona and trademarks, and she seeks an award of actual damages, the disgorgement of Missguided's ill-gotten profits, and an award of punitive damages to deter Missguided from future violations of her intellectual property rights.

## JURISDICTION AND VENUE

5. The Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). This is a civil action arising under federal law, the Lanham Act of 1946 as amended (codified at 15 U.S.C. §§ 1051, et seq.). The pendent state law claims are so related to the federal claims that they form part of the same case or controversy pursuant to Article III of the United States Constitution. The court therefore has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) for several independent reasons, including that: Defendant "resides" in this judicial district for venue purposes under 28 U.S.C. § 1391(c)(2); a substantial part of the events or omissions giving rise to the claims occurred in this district; and a

substantial part of property that is the subject of the action is situated in this district.

## PARTIES

7. Plaintiff Kimsaprincess, Inc. is a California corporation with its principal place of business in Los Angeles County, California.

8. Plaintiff Kim Kardashian West is an individual residing in Los Angeles County, California.

9. Plaintiffs are informed and believe, and based thereon allege, that Defendant Missguided USA (Finance) Inc. ("Missguided USA") is a Delaware Corporation. At this time, Plaintiffs are unaware of Missguided USA's principal place of business.

10. Plaintiffs are informed and believe, and based thereon allege, that Defendant Missguided Limited ("Missguided UK") is a corporation organized and existing under the laws of the United Kingdom, with its principal place of business in Manchester, United Kingdom.

11. Defendants Missguided USA and Missguided UK are collectively referred to herein as "Missguided."

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

12. Kardashian is a world-famous television celebrity, model, and spokesperson. For over a decade, she has been featured on the reality television series *Keeping Up With The Kardashians*, which is broadcast in over 160 countries. Kardashian now enjoys one of the largest social media followings of *any* celebrity anywhere in the world, including more than 120 million followers on Instagram, and close to 60 million followers on Twitter.

13. Kardashian promotes and sells a variety of products through her own companies, including a cosmetics line sold under the "KKW Beauty" mark and a fragrance line sold under the "KKW Fragrance" mark. Further, Kardashian is in high demand as a paid spokesperson for third-party products. Because of her popularity and reach on social media, companies routinely pay Kardashian *millions*

of dollars in fees to serve as a celebrity endorser.

14. Kardashian is selective of the third-party companies with whom she chooses to partner. She frequently turns down endorsement deals. And when she does sign on as a spokesperson for third-party products or services, she often works closely with these partners to develop particular products for her endorsement. Kardashian's control over the use of her name, likeness, and trademarks in promoting third-party products and services is absolutely critical to safeguard her reputation, and to prevent the public from being misled into believing that she has associated herself with some product or service that she does not endorse.

15. As alleged in further detail below, in total disregard of Kardashian's trademark rights and rights of publicity, Defendants have repeatedly used Kardashian's name and image without authorization to generate interest in their brand and website, and to elicit sales of their products.

16. Missguided operates several websites that sell clothing, including the website www.missguidedus.com. Missguided specializes in "fast" and inexpensive clothing designs, which are often derivative of other companies' designs if not blatant knock-offs. Missguided has become particularly well-known for copying designs worn by famous celebrities, which it then offers for sale on its sites within days—sometimes even hours—of the celebrity appearing in the clothing.

17. Missguided has not only knocked-off the clothing of other designers, but it has unabashedly misappropriated the rights of celebrities like Kardashian in selling these knock-offs on its websites. Missguided's U.S. website has included entire pages that are devoted solely to the sale of clothing inspired by Kardashian, and on which Kardashian's name and likeness are prominently used *without her permission* to promote the products, as shown in the following example:



18. Other pages from Missguided's U.S. website have featured both Kardashian *and* her famous sisters, using *all* of their names and likenesses without authorization to promote Missguided's knock-off clothing:



19. As shown above, these website pages do not merely report on

1 Kardashian's style or fashions. Missguided is using Kardashian's name and image
2 for the *express* purpose of promoting and selling products on the site. Indeed, the
3 web pages depicted above, and others like them on the Missguided website, contain
4 direct links to pages on the site where clothing can be purchased. In the first
5 example shown above, visitors to the site are specifically prompted to click a "Shop
6 Kim K." link, where they can buy clothing copied from Kardashian's prior looks.

7     20.    On its social media platforms as well, including Instagram, Missguided
8 has repeatedly used Kardashian's name and likeness without permission to promote
9 its sale of clothing on the www.missguidedus.com website. Recently, for example,
10 after Kardashian posted a photo on Instagram of a dress that was made for her
11 (below left), Missguided quickly responded with its own Instagram post (below
12 right) boasting that it would be ripping off the design within "a few days":



Missguided purposefully inserted Kardashian's Instagram username
(@kimkardashian) into its post to capitalize on her celebrity status and social media
following in promoting the sale of its upcoming product.

1  21.  Pictured below is another example in which Missguided used (without authorization) Kardashian's name and image in an Instagram post in order to promote a dress that it was selling on its website:



22.  Additionally, Missguided has routinely posted other photos of Kardashian on its Instagram feed—at times together with her husband and children—that do not specifically solicit sales of a particular item of clothing as do the preceding examples, but which function nevertheless to advertise Missguided's brand and website. The whole of Missguided's Instagram page is devoted to the advertising of its website and the clothing sold there. Many of Missguided's posts on the feed, including those shown above, promote clothing that is available on www.missguidedus.com; and frequently, Missguided's Instagram posts contain direct links to pages on the site where clothing can be purchased. The entirety of the Instagram page, therefore, is an advertisement for the Missguided brand, website, and products; and accordingly, Missguided's Instagram posts depicting images of Kardashian and using her name are clearly intended to, and have the effect, of promoting Missguided's brand and products. In fact, Missguided has gone so far to as to emboss its "M" logo on photographs of Kardashian and her family to promote

1  its site and products, as shown in the following example (which is just one of many):



23.  Missguided has so systematically misappropriated Kardashian's name and likeness that the consuming public is likely to and has come to the mistaken conclusion that she is affiliated with Missguided and is working hand in hand with the company to create "fast fashion" versions of her clothing. A website entitled "The Fashion Law" (www.thefashionlaw.com) recently published an article entitled *Kim K and Missguided: Fast Fashion at its Quickest or a Marketing Ploy in Disguise*? The article referenced the speed with which Missguided had been able to post images of a knock-off version of the gold dress worn by Kardashian in the images shown in Paragraph 20 above, and it proffered that this may well be the result of "a coordinated marketing ploy between the mega-influencer [Kardashian] and the millenial-centric fashion company." In the same article, the author referred to other commentators who had hypothesized (incorrectly) that Missguided's quick turnaround of a knock-off of Kardashian's dress was as "an example of 'a thinly veiled collab' at play between Missguided and Kim K."

## FIRST CLAIM FOR RELIEF

### (Violation of Cal. Civ. Code § 3344 – Against All Defendants)

24. Plaintiffs incorporate all prior allegations of this Complaint by this reference.

25. Plaintiffs are the owners of all rights of publicity in Kardashian's name, image, likeness, and persona.

26. Missguided has willfully and without authorization used Kardashian's name, image, likeness, and persona for commercial purposes, to advertise the Missguided brand and website, and to promote the sale of clothing on Missguided's site.

27. Missguided's unauthorized use of Kardashian's name, image, likeness, and persona constitutes a commercial misappropriation in violation of Section 3344 of the California Civil Code.

28. As a direct and proximate result of Missguided's wrongful conduct, Plaintiffs have suffered, and will continue to suffer, damages in an amount to be proven at trial, but in no event less than $10 million.

29. Missguided has further been unjustly enriched by its misappropriation of Kardashian's statutory right of publicity. Accordingly, Plaintiffs are entitled to restitution of all income, profits, and other benefits resulting from Missguided's conduct, in an amount to be determined according to proof at trial.

30. Missguided's actions as alleged above were malicious, oppressive, and fraudulent, and done with the intent to injure Plaintiffs and with a willful and conscious disregard for Plaintiffs' rights. As a result, Plaintiffs are entitled to recover from Missguided punitive and exemplary damages in an amount sufficient to punish and deter it and others from engaging in such acts in the future.

31. Missguided's actions have further caused and will continue to cause irreparable injury to Plaintiffs that cannot be remedied by an award of monetary damages alone. Plaintiffs are therefore entitled to preliminary and permanent

injunctive relief preventing the continuing infringement of their rights of publicity.

## SECOND CLAIM FOR RELIEF

**(Violation of Common Law Right of Publicity – Against All Defendants)**

32. Plaintiffs incorporate all prior allegations of this Complaint by this reference.

33. Plaintiffs are the owners of all common law rights of publicity in Kardashian's name, image, likeness, and persona.

34. Missguided has willfully and without authorization used Kardashian's name, image, likeness, and persona for commercial purposes, to advertise the Missguided brand and website, and to promote the sale of clothing on Missguided's site.

35. Missguided's unauthorized use of Kardashian's name, image, likeness, and persona constitutes a violation of California's common law right of publicity.

36. As a direct and proximate result of Missguided's wrongful conduct, Plaintiffs have suffered, and will continue to suffer, damages in an amount to be proven at trial, but in no event less than $10 million.

37. Missguided has further been unjustly enriched by its infringement of Kardashian's common law right of publicity. Accordingly, Plaintiffs are entitled to restitution of all income, profits, and other benefits resulting from Missguided's conduct, in an amount to be determined according to proof at trial.

38. Missguided's actions as alleged above were malicious, oppressive, and fraudulent, and done with the intent to injure Plaintiffs and with a willful and conscious disregard for Plaintiffs' rights. As a result, Plaintiffs are entitled to recover from Missguided punitive and exemplary damages in an amount sufficient to punish and deter it and others from engaging in such acts in the future.

39. Missguided's actions have further caused and will continue to cause irreparable injury to Plaintiffs that cannot be remedied by an award of monetary damages alone. Plaintiffs are therefore entitled to preliminary and permanent

injunctive relief preventing the continuing infringement of their rights of publicity.

## THIRD CLAIM FOR RELIEF

**(False Designation of Origin (15 U.S.C. § 1125(a)) – Against All Defendants)**

40. Plaintiffs incorporate all prior allegations of this Complaint by this reference.

41. For many years, Plaintiffs have extensively used the trademarks KIM KARDASHIAN and KIM KARDASHIAN WEST in commerce in connection with a myriad of products and services, including Kardashian's advertising and promotion of third-party products in the fashion and beauty industries.

42. Plaintiffs are further the owners of several federally registered trademarks in Kardashian's name, including without limitation: (1) U.S. Registration No. 4,989,420 for the use of KIM KARDASHIAN WEST in Int'l Class 41 in connection with "Entertainment in the nature of providing information by means of a global computer network in the fields of entertainment and pop culture; entertainment services, namely, personal appearances by a celebrity, actress and model."; (2) U.S. Registration No. 4,978,865 for the use of KIM KARDASHIAN WEST in Int'l Class 35 in connection with "Advertising services, namely, promoting the brands, goods and services of others; endorsement services, namely, promoting the goods and services of others"; and (3) U.S. Registration No. 4,516,079 for the use of KIM KARDASHIAN in Int'l Class 35 in connection with "Advertising services, namely, promoting the brands, goods and services of others; endorsement services, namely, promoting the goods and services of others" (collectively, the "Registered Marks").

43. The Registered Marks are valid trademarks owned by Plaintiffs. Additionally, by virtue of Plaintiffs' longstanding and continuous use of the marks KIM KARDASHIAN and KIM KARDASHIAN WEST in commerce, Plaintiffs have acquired valid common law trademarks in these names. The public has come to recognize these marks as exclusively identifying Plaintiffs, and the marks are

famous worldwide.

44. Missguided has infringed and is continuing to infringe Plaintiffs' registered and common law trademarks by using these marks on its websites, including the www.missguidedus.com website, to promote Missguided's brand and sale of clothing. Missguided has further infringed and is continuing to infringe Plaintiffs' marks by using them on social media, including in Instagram posts, to promote its Missguided brand and websites and the products sold on those sites.

45. Missguided's unauthorized use of Plaintiff's registered and common law trademarks is likely to confuse and deceive consumers as to the origin, sponsorship, and/or endorsement of the Missguided brand, website, and products. Specifically, Missguided's use of Plaintiffs' marks is likely to cause consumers to mistakenly believe that Plaintiffs are associated with Missguided, or that they sponsor or endorse Missguided and its websites. And in fact, consumers have *already* expressed such confusion, suggesting in social media posts and online articles that Plaintiffs must be in a "collaboration" with Missguided.

46. As a direct and proximate result of the acts of trademark infringement set forth above, Plaintiffs have suffered actual damages in an amount to be proven at trial, but in no event less than $10 million. Plaintiffs are entitled to the full range of relief available under the Lanham Act, 15 U.S.C. § 1117, including, without limitation, an award of actual damages and the disgorgement of Missguided's profits arising from the acts of trademark infringement. Missguided's conduct further renders this an "exceptional" case within the meaning of the Lanham Act, thus entitling Plaintiffs to an award of attorneys' fees and costs.

47. Plaintiffs are informed and believe, and based thereon allege, that Missguided has committed the infringement described above knowing that its unauthorized use of the KIM KARDASHIAN and KIM KARDASHIAN WEST trademarks is likely to cause consumer confusion. Missguided has thus willfully, knowingly, and maliciously deceived and confused the relevant consuming public,

such that Plaintiffs are entitled to an award of treble damages.

48. Missguided's actions have further caused and will continue to cause irreparable injury to Plaintiffs that cannot be remedied by an award of monetary damages alone. Plaintiffs are therefore entitled to preliminary and permanent injunctive relief preventing the continuing infringement of their trademark rights.

## FOURTH CLAIM FOR RELIEF

**(Trademark Infringement (15 U.S.C. § 1114(1)) – Against All Defendants)**

49. Plaintiffs incorporate all prior allegations of this Complaint by this reference.

50. The Registered Trademarks are valid marks owned by Plaintiffs.

51. Missguided has infringed the Registered Trademarks as alleged in detail above by using those marks (or confusingly similar variations thereof) in a manner likely to cause confusion or mistake as to Plaintiffs' association with or sponsorship or endorsement of Missguided and its website and products.

52. As a direct and proximate result of the acts of trademark infringement set forth above, Plaintiffs have suffered actual damages in an amount to be proven at trial, but in no event less than $10 million. Plaintiffs are entitled to the full range of relief available under the Lanham Act, 15 U.S.C. § 1117, including, without limitation, an award of actual damages and the disgorgement of Missguided's profits arising from the acts of trademark infringement. Missguided's conduct further renders this an "exceptional" case within the meaning of the Lanham Act, thus entitling Plaintiffs to an award of attorneys' fees and costs.

53. Plaintiffs are informed and believe, and based thereon allege, that Missguided has committed the infringement described above knowing that its unauthorized use of the Registered Trademarks is likely to cause consumer confusion. Missguided has thus willfully, knowingly, and maliciously deceived and confused the relevant consuming public, such that Plaintiffs are entitled to an award of treble damages.

54. Missguided's actions have further caused and will continue to cause irreparable injury to Plaintiffs that cannot be remedied by an award of monetary damages alone. Plaintiffs are therefore entitled to preliminary and permanent injunctive relief preventing the continuing infringement of their trademark rights.

### FIFTH CLAIM FOR RELIEF

**(Common Law Trademark Infringement – Against All Defendants)**

55. Plaintiffs incorporate all prior allegations of this Complaint by this reference.

56. Plaintiffs own valid common law trademarks in KIM KARDASHIAN and KIM KARDASHIAN WEST for use in connection with a wide variety of products and services, including without limitation the promotion of products and services in the fashion and beauty industries. The Registered Trademarks are likewise valid trademarks owned by Plaintiffs.

57. The public has come to recognize the KIM KARDASHIAN and KIM KARDASHIAN WEST marks as exclusively identifying Plaintiffs, and the marks are famous worldwide.

58. Missguided has infringed and is continuing to infringe Plaintiffs' trademarks by using these marks on its websites, including the www.missguidedus.com website, to promote Missguided's brand and sale of clothing. Missguided has further infringed and is continuing to infringe Plaintiffs' marks by using them on social media, including in Instagram posts, to promote its Missguided brand and websites, as well as the products sold on those sites.

59. Missguided's unauthorized use of Plaintiff's trademarks is likely to confuse and deceive consumers as to the origin, sponsorship, and/or endorsement of the Missguided brand, website, and products. Specifically, Missguided's use of Plaintiffs' marks is likely to cause consumers to mistakenly believe that Plaintiffs are associated with Missguided, or that they sponsor or endorse Missguided and its websites. And in fact, consumers have *already* expressed such confusion, suggesting

in social media posts and online articles that Plaintiffs must be in a "collaboration" with Missguided.

60. As a direct and proximate result of the acts of trademark infringement set forth above, Plaintiffs have suffered actual damages in an amount to be proven at trial, but in no event less than $10 million.

61. Plaintiffs are informed and believe, and based thereon allege, that Missguided has committed the infringement described above knowing that its unauthorized use of the KIM KARDASHIAN and KIM KARDASHIAN WEST trademarks is likely to cause consumer confusion. Missguided has thus willfully, knowingly, and maliciously deceived and confused the relevant consuming public, such that Plaintiffs are entitled to an award of treble damages.

62. Plaintiffs are further informed and believe, and based thereon allege, that Missguided has acted with fraud, oppression, or malice in infringing Plaintiffs' marks as alleged above. As such, in addition to the other relief sought herein, Plaintiffs are entitled to an award of punitive damages.

63. Missguided's actions have further caused and will continue to cause irreparable injury to Plaintiffs that cannot be remedied by an award of monetary damages alone. Plaintiffs are therefore entitled to preliminary and permanent injunctive relief preventing the continuing infringement of their trademark rights.

WHEREFORE, Plaintiffs pray for judgment as follows:

A. On all claims for relief, for an award of compensatory and treble damages in an amount to be proven, but in no event less than $10 million;

B. On all claims for relief, for the disgorgement of Missguided's profits attributable to the infringement of Plaintiffs' trademarks and rights of publicity;

C. On the First, Second, and Fifth Claims for Relief, for an award of punitive damages in an amount sufficient to deter unlawful conduct by Missguided in the future;

D. For a preliminary and permanent injunction restraining and enjoining

1 | Missguided from using Plaintiffs' name, images, likeness, persona, and trademarks;

2 |     E.    For pre-judgment and post-judgment interest according to proof and to
3 | the maximum extent allowed by law;

4 |     F.    For attorneys' fees and costs; and

5 |     G.    For such other and further relief as the Court may deem just and proper.

DATED: February 20, 2019    KINSELLA WEITZMAN ISER
KUMP & ALDISERT LLP

By:    */s/ Michael J. Kump*
Michael J. Kump
Attorneys for KIMSAPRINCESS, INC.
AND KIM KARDASHIAN WEST

10669.00001/622893.1

17
COMPLAINT

# **DEMAND FOR JURY TRIAL**

Pursuant to Local Rule 38-1, Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED: February 20, 2019         KINSELLA WEITZMAN ISER
                                 KUMP & ALDISERT LLP


                                 By:    */s/ Michael J. Kump*
                                        Michael J. Kump
                                        Attorneys for KIMSAPRINCESS, INC.
                                        AND KIM KARDASHIAN WEST